USDC SCAN INDEX SHEET



















JOEH 5/8/02 9:11

3:76-CR-00183 USA V. FREE

*4*

*CRRESP.*

Paul Free 42235-198
U.S. Penitentiary
P.O. BOX 7000
Florence, CO. 81226
Petitioner, pro se

FILED
02 MAY -7 PM 1:54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff-Respondent<br><br>V.<br><br>PAUL EDWIN FREE<br>Defendant-Petitioner | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 76-CR-0183 HBT<br><br>Plaintiff's Reply to the Government's Response to Movant's Writ of Error Coram Nobis/Audita Querela and Motion to Strike. |

**COMES NOW Paul Edwin Free, Petitioner pro se,** in Response to the Government's Answer that Movant received at 3:40 p.m.,on April 25, 2002 in answer to Plaintff's Writ of Error Coram Nobis/Audita Querela he filed in this Court, nunc pro tunc, January 14, 2002.

Petitioner is a federal inmate and is unschooled in law. He requests that this/these pleadings be "construed liberally and held to less stringent standard[s] than formal pleadings drafted by lawyers" as per **Haines v. Kerner,** 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).

4

Free maintains, and has signed these pleadings: **"Under Penalty of Perjury"** that his trial attorney, Mr. Robert Bourne, promised him that, in exchange for a plea of guilty in this case he would receive a sentence of "time served"-- believing that the four months he had spent in custody would satisfy the misdemeanor conviction as his (more culpable) co-defendants received. The governemnt argues that Free "did not protest at sentencing, but 'later' asked his lawyer who alleg-edely told him, 'The judge (Turrentine) wants you to stay in jail until the other case is resolved and if you are convicted you will receive the same three years.'"

Free requests an Evidentiary Hearing and submits that it will conclusively show that the reporter's transcripts, trial attorney Bourne's records and Mr. Bourne himself show that Free did indeed receive the promised deal and, therefore, the government breeched the contract;that, after the judge sentenced Free to the three years Free immediately turned to counsel and asked "What happened with the time served?" to which Bourne replied "Shh, I'll find out and straighten it out." Later Mr. Bourne told Movant that the judge went against the time served only because he wanted Free to remain in jail until his pending conspiracy to import marijuana case had resolved. Bourne told Free that the judge could change the three year sentence to time served misdemeanor at any time after the conspiracy case was decided.

**MOTION TO STRIKE**

The Government's Response (hereinafter "GR") contains a few errors that, in fairness, must be corrected to prevent extreme prejudice. Under Fed.R.Civ.Proc. Rule 12(f) Petitioner requests that they be stricken

**(1a)**GR at 2 ln 1-5.

The first sentence under "Statement of the Case" reads:

"Petitioner Paul Edwin Free seeks a Writ of Error Coram Nobis or Audita Querela to vacate his 1976 conviction for impporting marijuana in violation of 21 U.S.C. §963.

It should read that Petitioner, in the case at hand, was sentenced in 1976 for possession of a controled substance with intent to distribute under 21 U.S.C. §841(a)(1). See GR at 4 ln 25; and see **Judgement and Committment, June 22, 1976, see EXHIBIT A.**

**(1b)** The same mistake occures at ln 13,

**(1c)** The same mistake occures GR at 6 ln 7.

**(2)** GR at 3 ln 3-10 must be corrected.

In error is: that "Free completed his three-year sentence, was released,and was conviction free for fifteen years. However, he **apparently** continued his drug activities, because in 1993, drug agents discovered that Free had been coordinating marijuana shipments from Mexico through San Diego to Detroit and New York. Free's activities are outlined in a Sixth Circuit opinion that resulted from his conviction for those activities, "United States v. Gaitan-Acevedo" 148 F.3d 577 (6th Cir. 1998) (emphasis added)

I would like to remind the Court that I am appealing my 1995 conviction in Detroit through a Motion to Vacate under 28 U.S.C. §2255 and there has not been entered yet a final judgement as I have been remanded for resentencing. I also attached to these pleadings a copy of the first eleven (11)

pages of the "Motion for Reconsideration" I filed in that case (in Detroit) which contains **uncontestable evidence** that I, Paul Free, **was not** and, the alibi shows **I could not** have been the person named "Paul" who actually did what I have been convicted of in that case. See attachment to original pleading in the case sub judice. The court in Det. obviously refuses to acknowledge the obvious truth: that I have been framed by agents and others for crimes they all knew (before trial) had been committed by an agent of the government. Therefore, all reference to the Sixth Circuit opinion must be carefully read with these things in mind.

In April 2002, I received, through FOIA (Freedom of Information Act) a government (DEA) report dated 1991 wherein an "informent" told them that I was "smuggling marijuana and cocaine" into the U.S.. They checked my record and found I had convictions from 1975 and 1976 and began an investigation. Obviously this informant was stringing them along for his own financial (or other) gain because I was, at that time, a full-time student at SDSU and I have never smuggled cocaine.Since I was not smuggling marijuana either after 6 months the investigation was abandoned as "Free had not entered the territory of Oregon" and the informant had not produced any controlled substances. That report is still on government computers today and may be the cause of much prejudice against me. It may seem **apparent** to the AUSA that I was involved with illegal activities but I have proof I was NOT and caution all to remember that this is a challenge to a 1976 conviction from the District Court of the Southern District of California and the 1995 conviction is a separate action not over yet in Detroit.

(3) I must respond, since the government mentioned that, in the Detroit case, I was accused..."Shortly after the arrests in Detroit, law enforcement officers surveilling Sumpter's house in Coronado, California saw Defendant Free arrive at Sumpter's house, load a suitcase into his pickup truck, and thendrive away. Officers arrested Free as he drove away from the residence. When the arresting officers opened the suitcase they discovered $60,000 in cash and two semi-automatic handguns." GR at 3,4.

The government is not telling the whole story here. I know it must have no bearing on the case at hand; however, I must say that at trial it was revealed that I had been asked over to the Sumpter's house by Mrs. Sumpter who told me her husband was out of town. She met me at the door with a locked suitcase and asked me to hold it for her for two weeks. I asked her (Since I have avoided such things since my 1975 arrest "like the plague"): "There are no drugs or guns in there are there?" To which she replied: "No, only a small amount of money and my own personal jewlery that I don't want to leave in the house while I'm gone." I then took the suitcase and threw it into the back of an open pickup truck bed. Mrs. Sumpter was later stopped and she had both keys to the suitcase along with bullets to the weapons in her purse and she filed for the return of the suitcase's contents. I had no idea what the suitcase contained nor dominion nor control. All charges regarding "felon in possession" were thus dropped and I did not receive an enhancement for guns either.

(3) GR at 4 ln 8: The statement "Free was released on bail and fled to Mexico in Jan. 1994" is also in error and must be stricken.

Again, the government is not telling the whole story about that 1995 arrest and conviction in Detroit. I was released without being charged. I was not "released on bail" and I did

not "Fled to Mexico." I had a home there. It is where I lived just south of the border. I went home, period.

(4) GR at 5 ln 3: The government states that the conspiracy to import case from this courthouse (Case No. 75-1124) was charged: :...to knowingly and intentially import and attempt to import approximately 12,000 pounds of marijuana." That figure is rediculous! and should be stricken. There was never more than 100 pounds produced in that case and that was after I left the conspiracy.

(5) GR at 5 ln 16: "Free then filed through counsel a 28 USC §2255 motion..." should be stricken as I filed the §2255 motion pro se.

**RE: LATCHES**

The government submits [GR at 6] that the writ of error coram nobis is subject to the equitable doctrine of latches. In my original pleading I did proffer that, if true; then I submitted reasons constituting excusable delay and why the government was not prejudiced. See original pleading.

The Marcello court explained that:

"It is beyond cavil, however, that laches is not available to the United States as a defense to a petition for the writ of error coram nobis. While delay is not without practical consequence and legal significance, it does not bar the action." **United States v. Marcello,** 210 F. Supp. 892, 895 (E.D. La. 1962) affirmed 328 F.2d 961 (5th Cir. 1964), cert. denied 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045 (1964).

And in Morgan: "If a defendant without good reason waits a long time before asserting his claimed right, with the consequence that many witnesses are dead, he might have difficulty maintaining his burden of proof, or a heavier burden of proof might be imposed upon him. But where the fundamental constitutional right has been denied, an accused should not be precluded from relief because he cannot satisfy a court that he had good cause for any delay in seeking it." **U.S. v. Morgan,** 222 F.2d [673] at page 675.

"To permit a defense of laches to the writ would, in effect, denude it of one of its essential characteristics--the power to hurdle a time factor." **Hayward v. U.S.,** D.C. S.D. NY, 127 F.Supp. 485, 488; accord **Fairnsworth v. U.S.** 98 U.S. App. D.C. 59, 232 F.2d 59, 63 (1956); See also "Delay as Affecting RIght to Coram Nobis Attacking Criminal Conviction," 62 A.L.R. 2d 432 (1958).

The government next makes the following statement [GR @6,7]:

"In determining whether the delay is reasonable, it is important to note that **if** Free **were still in custody** on the 1976 conviction, the remedy of coram nobis would not be available to him, and he would instead be required to satisfy the requirements for a habeas petition under 28 USC § 2255,.[] That is, he would be subject to the one-year statute of limitations in section 2255, which would bar his claims unless he filed his petition within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.'"

The government concludes their argument at the bottom of page 7: "Accordingly, **if this were a habeas** petition under section 2255, his claims would long since been barred by the one year statute of limitations." (emphasis added)

Well, I (Mr. Free) am NOT currently "in custody" in the case at bar... I completed the sentence twenty years ago and, for good reason, (see original pleading) have not challenged it until now in this Motion for the Writ of Error Coram Nobis. This is clearly labeled such and not a motion under 28 U.S.C. §2255. Under 28 U.S.C. § 1651(a), coram nobis lies to correct errors of the most fundamental nature where a criminal defendant has completed his sentence or is otherwise not in custody and where circumstances compel such action to achieve justice. **U.S. V. Morgan,** 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

The government is mistaken to say I had opportunity to challenge the validity of this 1976 conviction before under 2255. Next [GR at 8] the government goes into great detail to say that I cannot challenge this 1976 conviction, that I am "time barred" to challenge it (as a prior conviction?) in my current challenge to my 1995 conviction in Detroit, Michigan under 2255 because:

> "The statute that resulted in his life-without-release sentence, 21 USC §851, has its own statute of limitations in subsection 851(e), which bars any challenge to a prior conviction that is more than five years old..."

The government supports this position by quoting from section 851(e)(21 USC) and cites Davis, Reed, Prior, Gonzalez, Magana, and Williams in support. [GR at 8] They finish by saying: "the one-year statute of limitations in 28 USC §2255 applies."

Once again, I believe, the government is confused and in error. It seems clear that there is no limitation period for filing this writ. I am challenging my 1976 conviction from this San Diego, California U.S. District Court by coram nobis under 28 U.S.C. §1651(a). My 1995 conviction was from the District Court for the Eastern District of Michigan.

Accordingly, since I am not "in custody" in the case sub judice, coram nobis is my only remedy available. Also, contrary to the government's position, the time for filing a petition for coram nobis is not subject to a specific statute of limitations. **Morgan, Supra,** 346 U.S. at 507 (coram nobis petition is allowed without limitations of time.) See original pleading at 1.

Petitioner submits that this court must order an evidentiary hearing to resolve any matters still in dispute as per **Ybarra v. U.S.,** 461 F.2d 1195 **(9th Cir. 1972)**(An evidentiary hearing should be denied only where the files and records conclusively show that the petitioner is entitled to no relief)(emphasis added); **U.S. V. Liska,** 409 F.Supp. 1405 (1976) (Hearings to consider attacks on the constitutionality of a criminal conviction are not to be nonchalantly denied. On the contrary, courts have a solemn duty to ferret the allegations for symptoms of constitutional infirmities).

Contrary to the government's position, I did receive a promise from AUSA Bower (through counsel) that in exchange for a plea of guilty I would receive no more than a misdemeanor conviction and the four months I had served would suffice as time served. That was not my attorney's "best guess...prediction" as the government proposes [GR at 10] It was the deal offered, a contract, and the government should be held to specific performance.

Petitioner Free made it clear in the original pleading that he never would have pled guilty had he known that he would not receive anything other than the government's offer; instead he would have insisted on going to trial where, a jury may have acquitted him or found him guilty of, at worst, a misdemeanor aiding and abetting offense in this possession case. Since he received three years in the conspiracy case, it is understandable why he saw no need or advantage to pursue post-conviction relief until now.

The terms of a negotiated plea agreement must be disclosed in open court, or in camera, upon a showing of good cause, so as to allow the court the opportunity to either accept or reject the plea. Disclosing the terms of the plea agreement also enables the Court to determine whether the Defendant has entered into the plea agreement "knowingly, intelligently, and voluntarily." **Boykin v. Alabama,** 395 U.S. 238 (1969).

Whether an attorney provided ineffective assistance is based upon a two-part test passed down from the U.S. Supreme Court's ruling in **Strickland v. Washington,** 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-74, 80 L.Ed.2d 674 (1984) wherein a petitioner must establish that (1) counsel's advice and performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. **Hill v. Lockhart,** 474 U.S. 52, 88 L.Ed.2d 203, 106 S.Ct. 366.

In the case at bar, counsel was ineffective for not securing the proffered agreement at sentencing or, at least, post-

conviction (after the conspiracy case had been resolved.)

It is clear that the court is concerned with whether the defendant understands the charges and whether he acknowledges that he committed the acts which constituted the charges brought against him. Petitioner made an agreement, he had a rational basis to believe both parties would honor the bargain struck as per his understanding of it from the advice he received from counsel. Petitioner understandably trusted his counsel and the court to construct an honest agreement and honor it.

The Ninth Circuit is quite clear regarding this matter; that, when the government makes a deal,**"it is the defendant's understanding at the time of the plea that is controlling"** **United States v. Anderson,** 970 F.2d 602, 607 (1992); **U.S. V. Packwood,** 848 F.2d 1009, 1011 (9th Cir. 1988)(same); **U.S. v. Quan,** 789 F.2d 711, 713 (1986)( we are not free to disregard this controlling precedent. Moreover, under general principles of contract law, it would be bizarre to look to the time of final performance rather to the time of contract formation in construing the parties' intent.) Cf. **United States v. Floyd,** 1 F.3d 867, 870-71 (1993) (applying general contract law principles to preclude reliance on post-agreement acknowledgement signed prior to sentencing in construing plea agreement). **De La Fuente** at 1337-38, note 8.

The fact that Petitioner's reasonable expectation must be honored in the plea agreement has been corroborated many times in the Ninth Circuit as well as in the U.S. Supreme Court:

> Focusing on the defendant's understanding also reflects the proper constitutional focus on what induced the defendant to plead guilty. Also see [2] at 1336 (government's breach of an executed plea agreement implicates the constitutional guarantee of due process. Quoting **Mabry,** 467 U.S.

and **Santebello v. New York,** 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). From:**U.S. V. DE LaFuente,** 8 F.3d 1337 (9th Cir. 1993).

Here, the court breached the plea agreement and Petitioner should be awarded specific performance. For this reason the Writ should issue. Free was mislead, as well as his counsel Mr. Bourne into pleading guilty and Free did not receive the promised deal.

In 1992 the court dealt with a similar case holding:

> In light of the fact, however, that Cortez pled guilty while under the mistaken belief, fostered by the misrepresentations of his counsel, the district court, and the United States...we cannot find Cortez pled guilty voluntarily and knowingly. (Quoting Chizen, 809 F.2d at 562-63 (asserting waiver of rights and indication of voluntariness did not cure attorney misrepresentation.) **U.S. V. Cortez,** 973 F.2d 764 (1992).

The Eighth Circuit's ruling, in **U.S. v. Thournout,** 100F.3d is instructive:

> [A] Plea agreement is contractual in nature and generally governed by ordinary contract principles. Plea agreement is more than merely contract between two parties, and must be attended by constitutional safeguards to insure that defendant receives performance he or she is due. Allowing government to breach promise that induced guilty plea violates due process.
>
> There are two potential remedies for governments breach of plea agreement: remand for specific performance and withdrawl of guilty plea. Decisions as whether to grant specific performance or withdrawal of guilty plea rests in the sound discretion of court. Specific performance is preferred remedy for government's breach of plea agreement.

Perhaps the Ninth Circuit said it best:

> A plea of guilty induced by promises not intended to be kept would violate due process, and a sentence based upon such a plea could not stand. **Dillon v. U.S.** 307 F.2d 445 (1962).

Petitioner's plea agreement must be honored, the conviction vacated and he be allowed to plea to the misdemeanor or the case dismissed.

Lastly, the government claims that Audita Querela provides no relief here. Since 2255 is not available and due to the nature of this case e.g. that circumstances have only recently presented themselves to inform defendant that this conviction is still on his record as a felony etc... perhaps Audita Querela is the proper remedy.( [Audita Querela] the name of a common law writ constituting the initial process in an action brought by a judgement defendant to obtain relief against the consequence of the judgement on account of some matter of defense or discharge arrising since its rendition and which could not be taken advantage of otherwise.) **Barnett v. Gitlite,** 290 Ill. App. 212, 8 NE 2d 517, 520.

For the foregoing reasons, Petitioner Free respectfully requests an evidentiary hearing to resolve any matters in dispute, the guilty plea be vacated and whatever other relief this court deems appropriate. **Respectfully submitted under penalty of perjury and signed this Twenty-ninth day of April in the year 2002.**

**Petitioner's signature:** ____________ April 29, 2002

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Plaintiff's Reply to the Government's Response to Movant's Writ of Error Coram Nobis/Audita Querela and Motion to Strike was mailed, postage pre-paid, on the 30th of April, 2002 to: U.S. Attorney, So. Dist. Calif. 880 Front Street, Rm 6293, San Diego, CA. 92101-8893

Petitioner's signature: ____________ 04/25/2002

# United States District Court
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

ENTERED LODGED RECEIVED
JUN 22 1976
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

United States of America
v.
PAUL EDWIN FREE

No. 76-0183-Criminal

On this 21st day of JUNE 1976 came the attorney for the government and the defendant appeared in person and by counsel, Robert Bourne,

IT IS ADJUDGED that the defendant upon his plea of guilty

has been convicted of the offense of possession of a controlled substance with intent to distribute, in violation of 21 USC 841(a)(1), as charged in count two of the Indictment in four counts;

and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

IT IS ADJUDGED that the defendant is guilty as charged and convicted on count 2.

IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of on count 2 three (3) years.

IT IS ORDERED that in addition to such term of imprisonment, Defendant is hereby required to serve a special parole term of three years as prescribed under 21 USC 841(b)(1)(B).

IT IS ORDERED that the remaining counts are hereby dismissed.

IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

HOWARD B. TURRENTINE, *United States District Judge.*

The Court recommends commitment to

FILED JUNE 21, 1976
WILLIAM W. LUDDY
By: EDITH E. STONE Deputy *Clerk.*

(1) Insert "by (name of counsel)," counsel" or without counsel; the court advised the defendant of his rights to counsel and asked him whether he desired to have counsel appointed by the court, and the defendant thereupon stated that he waived the right to the assistance of counsel." Insert (1) "guilty, and the court being satisfied there is a factual basis for the plea," (2) "not guilty, and a verdict of guilty," (3) "not guilty, and a finding of guilty," or (4) "nolo contendere," as the case may be. Insert "in count(s) number [illegible]" if required. Enter (1) sentence or sentences, specifying counts if any; (2) whether sentences are to run concurrently or consecutively and, if consecutively, when each term is to begin with reference to termination of preceding term or to any other outstanding or unserved sentence; (3) whether defendant is to be further imprisoned until payment of the fine or fine and costs, or until he is otherwise discharged as provided by law. Enter any order with respect to suspension and probation. For use of Court to recommend a particular institution.

EXHIBIT "A"